J-S74015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                                   :            PENNSYLVANIA
                                                   :
             v.                                   :
                                                   :
                                                   :
WAYNE THOMAS KOPACK               :
                                                     :
            Appellant                      :       No. 1239 EDA 2018

Appeal from the Judgment of Sentence February 5, 2018
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0004018-2017

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:           **FILED DECEMBER 21, 2018**

Wayne Thomas Kopack appeals from the judgment of sentence, entered in the Court of Common Pleas of Bucks County, following his stipulated waiver trial at which Kopack was convicted of strangulation (F-2),[1] simple assault (M-2),[2] and terroristic threats (M-1).[3]  After careful review, we vacate the judgment of sentence and remand for resentencing.

On May 30, 2017, Middletown Township Police Officer Mark Leonhauser received a report of an assault at 500 East Maple Avenue, Langhorne. When he arrived at the location, the officer observed red marks, scratches, above-the-eye swelling, and bruising on the victim, Kopack's girlfriend.  The victim

_____

[1] 18 Pa.C.S. § 2718(a)(1).

[2] 18 Pa.C.S. § 2701(a)(1).

[3] 18 Pa.C.S. § 2706(a)(1).

testified that she and Kopack were "fooling around" and that she became offended by something Kopack said. At that point, the victim claims Kopack became violent, brandishing a knife and threatening her. She testified that Kopack cut her wrist, put her in a choke hold impeding her ability to breathe, and told her that she was going to die right there. At sentencing, Kopack admitted he and the victim were high on a crystal meth binge on the night of the incident. N.T. Sentencing, 2/5/18, at 12. He called the victim his "get-high [and] swinging partner." *Id.* at 13.

After Kopack waived his right to a jury trial, the parties stipulated to the above-stated facts, which the court accepted and the court ultimately adjudged Kopack guilty of the above-stated offenses.[4] On February 5, 2018, the court sentenced Kopack to an aggregate term of 2½ to 5 years' imprisonment, to be served consecutively to any other sentence he was currently serving, and $5,576.60 in restitution to the victim. N.T. Sentencing, 2/5/18, at 18.[5] On February 12, 2018, Kopack filed a timely motion to modify and reconsider sentence, claiming that: he wished to execute his right to allocution; his sentence was excessive; he should have received concurrent

_____

[4] Kopack was also originally charged with recklessly endangering another person (REAP) and harassment (subject other to physical contact). However, these charges were later *nolle prossed*. N.T. Stipulated Waiver Trial, 10/31/17, at 18.

[5] At sentencing, the Commonwealth presented a domestic violence investigation report, and victim impact statement, and detailed Kopack's prior criminal history that consisted of 31 prior contacts with the police. In addition, Kopack presented a witness, Ken Banks, who offered mitigating evidence on his behalf.

- 2 -

sentences; and he would have liked to present more witnesses on his behalf at sentencing. After a hearing, the court denied the motion, stating "You have presented no information today that should lead me to amend or modify that sentence. I believe that sentence was appropriate." N.T. Reconsideration of Sentence, 3/19/18, at 8.

Kopack filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal.[6] He presents the following issues[7] for our consideration:

> (1) Was [Kopack's] waiver of his right to a trial by jury and decision to proceed with a stipulated waiver trial knowing, intelligent, and voluntary due to the fact that he was not advised of his right to confront and cross-examine his accuser or other Commonwealth witnesses[?]
>
> (2) Was sufficient evidence presented at the time of trial to sustain a conviction for felony of the second [] degree strangulation, where the Commonwealth failed to establish beyond a reasonable doubt that the victim was a family or household member as defined in 23 Pa.C.S. § 6102[?]
>
> (3) Did the sentencing court abuse its discretion by imposing a manifestly excessive and unjust aggregate sentence as the sentence was at the top of the [S]entencing [G]uidelines and consecutive to any other sentence [Kopack] was currently serving, and did not consider the rehabilitative needs of [Kopack], his prior record score as calculated by

---

[6] On May 2, 2018, Kopack filed a motion for extension of time to file his Rule 1925(b) statement, as counsel was awaiting trial transcripts necessary for appeal purposes. On May 8, 2018, the court granted Kopack a 30-day extension from the date of receipt of the trial transcripts to file his Rule 1925(b) statement.

[7] We have renumbered the issues raised on appeal for ease of disposition.

the Sentencing Guidelines or the other sentences he was serving at the time the above sentence was imposed[?]

Appellant's Brief, at 5.

In his first issue on appeal, Kopack contends that in waiving his right to a jury trial, he was not advised that he would be giving up his right to confront and cross-examine his accuser and other Commonwealth witnesses. He is entitled to no relief on this claim.

The record indicates that the court colloquied Kopack on waiving his right to a jury trial, asking him if he understood the trial judge would: (1) hear the facts as stipulated by the parties and then accept them into evidence; (2) incorporate into the record the evidence and consider the testimony presented by the Commonwealth just as if it had called witnesses to the stand who testified under oath; (3) accept the evidence presented to support the charges against him; and (4) be the sole person to consider the evidence. N.T. Stipulated Waiver Trial, 10/31/17, at 15-17. Kopack indicated he understood each of these facts and stated, on the record, that he had not been forced to enter into a stipulated waiver trial, had adequate time to discuss the option of a stipulated trial with counsel, and that he knowingly, voluntarily, and intelligently was waiving his right to a jury trial of his own free will. *Id.* at 17.

A voluntary waiver of jury trial will not be found to be knowing and intelligent unless the record indicates that the defendant knew the essential ingredients of a jury trial, which are necessary to understand the significance

of the right he was waiving. Based upon the evidence of record, we conclude that Kopack was sufficiently advised of his right to a jury trial, including the right to confront witnesses, and that he effectuated a knowing waiver.

In his next issue on appeal, Kopack contends that the evidence was insufficient to prove, beyond a reasonable doubt, that the victim was a household member, which would grade the offense under section 2718 as a second-degree felony, rather than a second-degree misdemeanor. We are constrained to agree.

The crime of strangulation is defined as:

(a) Offense defined.— A person commits the offense of strangulation if the person knowingly or intentionally impedes the breathing or circulation of the blood of another person by:

(1) applying pressure to the throat or neck; or

(2) blocking the nose and mouth of the person.

18 Pa.C.S. § 2718(a)(1) & (2). The victim need not sustain physical injury in order to prove strangulation under section 2718(a). Typically, strangulation is graded as a second-degree misdemeanor. *See* 18 Pa.C.S. § 2718(d)(1). However, if the crime is committed against a family or household member,[8] then the offense is graded as a second-degree felony. *Id.* at § 2718(d)(2).[9]

---

[8] If the crime is committed against a care-dependent person by a caretaker or in conjunction with sexual violence or the crime of stalking, it is also graded as a second-degree felony. *See* 18 Pa.C.S. § 2718(d)(2)(ii) & (iii).

[9] Strangulation can also be graded as a first-degree felony under section 2718(d)(3) if at the time of its commission, the defendant is subject to an active protection from abuse order or sexual violence or intimidation

For purposes of section 2718(d)(2), the term "family or household member" is defined as "Spouses or persons who have been spouses, persons living as spouses or who lived as spouses, parents and children, other persons related by consanguinity or affinity, **current or former sexual or intimate partners** or persons who share biological parenthood."  23 Pa.C.S. § 6102(a) (emphasis added).

In reviewing a challenge to the sufficiency of the evidence, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Randall*, 758 A.2d 669, 674 (Pa. Super. 2000).

The following facts regarding the relationship between Kopack and the victim were stipulated at trial as follows, "the victim . . . indicated that she was just recently assaulted by her friend at his residence" and that "[t]he victim indicated that [Kopack] has allowed her to stay with him recently." *See* N.T. Stipulated Trial, 10/31/17, at 10.  The bill of information charging Kopack with the crime of strangulation indicates that the crime is "applying pressure to the throat or neck – (F2) under 18 Pa.C.S. § 2718(a)(1)."  There is no mention in the information that the crime was committed against a household

_____

protection order, the defendant uses an instrument of crime in committing the offense, or the defendant has previously been convicted of an offense under paragraph 2 of section 2718.

member, was committed in conjunction with sexual violence, or was indicative of conduct constituting a crime relating to stalking. *See* 18 Pa.C.S. § 2718(a)(2)(iii). No other relevant facts were presented by the Commonwealth at the trial.

Any additional, extraneous information offered later by the Commonwealth at sentencing, after the trial record was closed, including Kopack's past incidents of domestic violence, protection from abuse orders filed against him, and significant contact with the police, does not go to prove the crime of strangulation or the relationship between him and the victim. Those are aggravating factors that the court can only consider for sentencing purposes.

Accordingly, we conclude that the court erred in grading Kopack's strangulation conviction as a second-degree felony. The parties did not stipulate to sufficient evidence to prove that Kopack and the victim were "family or household members" as defined in section 6102(a). *Cf. Evans v. Braun*, 12 A.3d 395 (Pa. 2010) (where victim and abuser were "mutually close" and entered "dating relationship" which involved "romantic bond," evidence was sufficient to prove they were **current or former sexual or intimate partners** under section 6102(a)). Thus, we vacate Kopack's judgment of sentence and remand to the trial court for resentencing with

instructions that Kopack's strangulation conviction be graded as a second-degree misdemeanor.  18 Pa.C.S. § 2718(d)(1).[10]

Judgment of sentence vacated.  Case remanded for resentencing in accordance with the dictates of this memorandum.  Jurisdiction relinquished.

Judge McLaughlin joins the memorandum.

Judge Stabile concurs in the result.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/21/18

---

[10] Having determined that this case must be remanded for the reasons stated above, we find the issue regarding the discretionary aspects of Kopack's sentence moot.